IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David Oppenheimer, | ) | |
| | ) | Civil Action No. 2:18-cv-2691-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Goldklang Group and South Carolina Baseball Club, LP d/b/a The Charleston RiverDogs, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendants' Partial Motion to Dismiss (Dkt. No. 24). For the reasons set forth below, the Court denies the motion.

**I. Background**

Plaintiff David Oppenheimer filed this action on October 2, 2018, against Defendants The Goldklang Group ("TGG") and South Carolina Baseball Club, LP d/b/a The Charleston RiverDogs. (Dkt. No. 1.) Plaintiff alleges generally that the Defendants infringed on Plaintiffs' copyrights by using his photographs in promotional materials for the Charleston RiverDogs without permission. (*Id.*) On January 17, 2019, Defendants filed a partial motion to dismiss, seeking to dismiss "The Goldklang Group" as a Defendant, arguing that it is a fictitious entity that does not exist and therefore cannot be sued. (Dkt. No. 14.) Plaintiff subsequently filed an amended complaint, which included additional allegations regarding TGG, including that TGG is a consulting and management firm that operates the RiverDogs, and the initial motion to dismiss was denied as moot. (Dkt. Nos. 18 at ¶ 5; 22.) Defendants now renew their motion to dismiss, again arguing that TGG cannot be sued as it is a nonexistent, fictitious entity. (Dkt. Nos. 24; 32.)

1

Defendants additionally argue that, even if TGG can be sued, the Court lacks personal jurisdiction over TGG. (*Id.*) Plaintiff opposes the motion. (Dkt. No. 31.)

## II.   Legal Standard

When personal jurisdiction is challenged, the burden is on the plaintiff to establish jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When resolved on written submissions, the plaintiff must make a "*prima facie* showing of a sufficient jurisdictional basis." *Id.* The plaintiff's showing must be based on facts set forth in the record, taken in the light most favorable to the plaintiff. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992); *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 404–05 (D.S.C. 2012) (internal quotation and alteration marks omitted). However, a court "need not credit conclusory allegations or draw farfetched inferences." *Sonoco*, 877 F. Supp. 2d at 405 (citations omitted).

To meet their burden, a plaintiff must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with constitutional due process requirements. *See, e.g. Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Since South Carolina's long-arm statute extends to the constitutional limits of due process, the only inquiry is whether due process requirements are met. *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128 (S.C. 1992).

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). This can be met by showing either general or specific personal jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002) (citations omitted). To assert general jurisdiction, a defendant's contacts must be "so 'continuous and systematic' as to render them

2

essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 754 (2014) (citations omitted). For a corporation, that traditionally renders them subject to general jurisdiction in its state of incorporation or principal place of business. *Id.* at 137.

To determine whether specific jurisdiction exists, the Court considers "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003) (citations omitted). In other words, a defendant must have "minimum contacts" with the forum, the claim must arise from those contacts, and personal jurisdiction must be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 – 476 (1985). Courts evaluate the reasonableness by considering "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering substantive social policies." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 946 (4th Cir. 1994). "Minimum contacts" and "reasonableness" are not independent requirements; rather, they are both aspects of due process, and thus "considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King*, 471 U.S. at 477.

### III. Discussion

Defendants argue that TGG does not exist and therefore cannot be sued. For parties other than an individual or corporation, capacity to suit is determined by "the law of the state where the

3

court is located[.]" Fed. R. Civ. P. 17(b)(3).[1] Under South Carolina law, "[a]ll unincorporated associations may be sued and proceeded against under the name and style by which they are usually known without naming the individual members of the association." S.C. Code Ann. § 15-5-160. As explained by the Court of Appeals of South Carolina, "[a]n unincorporated association is a body of individual persons organized without a charter for the prosecution of some common enterprise." *Graham v. Lloyd's of London*, 296 S.C. 249, 255 (Ct. App. 1988). S.C. Code Ann. § 15-5-160 permits a plaintiff to "bring the members of an association before the court without naming and serving process upon them individually." *Id.* *See also Fowler v. Beasley*, 322 S.C. 463, 466 (1996) ("an unincorporated association may be sued under the name by which it was generally known without naming the individual members of the association."). Importantly, S.C. Code Ann. § 15-5-160 only provides a procedure for bringing parties before the Court, and any "liability of the members of the association…is determined by the applicable substantive law." *Graham*, 296 S.C. at 256. TGG therefore, as an unincorporated association, can be sued.

As The Goldklang Group is capable of being sued, the Court must determine whether it has personal jurisdiction over TGG. Defendants submit affidavits and argue that there is no personal jurisdiction over TGG because TGG only exists as a "branding strategy" and a "loose affiliation" of minor league baseball teams with overlapping ownership. (Dkt. Nos. 24 at 4; 24-1 at ¶ 7.) They submit that there is no entity named The Goldklang Group, that TGG is not incorporated, does not have a place of business, has no ownership interest in the RiverDogs, has no offices, employees, agents, a registered agent, or representatives in South Carolina, does not pay any taxes, and does not own any bank accounts, assets or have any parent or subsidiary

---

[1] Additionally, for claims under the Constitution or federal law, "a partnership or other unincorporated association…may sue or be sued in its common name…." Fed. R. Civ. P. 17(b)(3).

4

companies. (Dkt. Nos. 24-1.) Defendants also contend that to the extent anyone involved with TGG provides leadership or engages in hiring for the Riverdogs it is through separate entities, such as Defendant South Carolina Baseball Club, L.P., and not on behalf of TGG. (Dkt. No. 24-2.)

However, Plaintiff submitted evidence to meet their burden to show personal jurisdiction over Defendant TGG. Regardless of whether the Court has general jurisdiction, it is clear that specific jurisdiction exists here. Plaintiff submitted multiple screen shots from TGG's website. (Dkt. No. 18-1.) TGG's website states that it is a "sports entertainment consulting and management firm" that was formed as an "investment partnership" to acquire "controlling interests in three Minor League Baseball franchises," including the Charleston RiverDogs, whose logo is shown on the page. (*Id.*) The page goes on to state that TGG has "participated in the construction and/or financing of three minor league stadiums," listing Charleston as one of their projects. (*Id.*) Further, the webpage indicates that it is copyrighted by "The Goldklang Group." (*Id.*) The website additionally states that the RiverDogs play "under their Goldklang Group ownership" and that TGG continues to "oversee the club." (Dkt. No. 18-2.) TGG, on their website and other job search websites, also posts job openings for the RiverDogs. (Dkt. No. 18-3.) TGG additionally has set up an officer structure, with Marv Goldklang listed as Chairman, Jeff Goldklang as President and Michael Goldklang as General Counsel and Senior Vice President." (Dkt. No. 18-4.)

It is plainly apparent that Plaintiff has carried his burden to make a *prima facie* showing of specific jurisdiction. First, as TGG has overseen the RiverDogs by forming an investment partnership to acquire the club, participating in construction and financing for the stadium, and continuing to direct hiring at the RiverDogs, it has purposefully availed itself of conducting activities in South Carolina. These clearly constitute sufficient "minimum contacts." Second, as the allegations arise from an allegedly unauthorized use of a photograph of the stadium for

5

marketing and other business purposes, the alleged claims arise from TGG's contacts with the state related to their "core business" of "operating[ing]...its proprietary clubs and year-round management of their associated venues." (Dkt. No. 18-1.) Finally, personal jurisdiction is reasonable here, as the dispute is centered on photographs allegedly taken in South Carolina. While the Complaint does not allege that either Plaintiff or TGG are residents of South Carolina, the risk of prejudice to Defendant TGG is low as they operate a "core business" in South Carolina, namely, the RiverDogs. Much of the evidence for this case also likely remains in South Carolina as the photographs were taken and used in South Carolina. Further, Plaintiff has an interest in his chosen forum, and, as to efficiency and the shared interests of states, it would be unreasonable and inefficient for the claims against TGG to proceed in a separate forum from those against the Defendant RiverDogs. Therefore, the Court has specific jurisdiction over Defendant TGG.

In their Reply, Defendant argues that Plaintiff fails to carry his burden as the webpages are not authenticated. (Dkt. No. 32 at 1.) However, in addition to Defendants' filing acknowledging the authenticity of "goldklanggroup.com" as TGG's website (*See* Dkt. No. 24-1 at ¶¶ 7; 8; 9), at this stage, the Court does "not evaluate the credibility of the statements in affidavits filed on [plaintiff's] behalf or address any questions regarding the ultimate admissibility of evidence," and instead is "required to determine whether [plaintiff] has made at the motion to dismiss stage a prima facie showing that [defendant] purposefully availed itself of the privilege of doing business in [South Carolina]." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 561 (4th Cir. 2014).

Finally, Defendants request jurisdictional discovery. However, jurisdictional discovery generally is provided where a plaintiff's claim does not appear frivolous but they have yet failed to carry their burden. *See Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 143 F.R.D. 628, 644 (D.S.C. 1992), *aff'd*, 6 F.3d 177 (4th Cir. 1993) ("When the Plaintiff's claim does not appear to be

frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the Plaintiff in discharging the burden of establishing the court's jurisdiction."). Here, by contrast, Plaintiff has clearly carried his burden to make a *prima facie* showing of jurisdiction.

TGG, taken together for purposes of their capacity to be sued, have purposefully availed themselves of South Carolina. Notably, while Defendants address what TGG lacks, they also acknowledge that TGG's putative members have an ownership interest and operate the RiverDogs. (Dkt. No. 24-1 at ¶¶ 20; 23.) South Carolina law specifically seeks to avoid having to name each member of an unincorporated associated where persons have joined together in "some common enterprise." *Graham v. Lloyd's of London*, 296 S.C. 249, 255, 371 S.E.2d 801, 804 (Ct. App. 1988). Instead, South Carolina allows parties to bring an association before the Court as a group. *Id.* Defendant's argument would nullify this law, and Rule 17(b)'s reliance on state law, by permitting individuals to explicitly and publicly band together for the purpose of ownership, management and operation of an enterprise in South Carolina without any possibility of being sued as a group. Ultimately, the liability of the individual members of the organization will be decided by the substantive law. However, the Court has jurisdiction over Defendant TGG.

**IV. Conclusion**

For the reasons above, the Court **DENIES** Defendants' Motion to Dismiss (Dkt. No. 24).

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

May 13, 2019
Charleston, South Carolina

7